1  Mark S. Spring, State Bar No. 155114
   Jennifer D. Barrera, State Bar No. 219617
2  CARLTON DiSANTE & FREUDENBERGER LLP
   8950 Cal Center Drive
3  Suite 160
   Sacramento, California 95826
4  Telephone:  (916) 361-0991
   Facsimile:  (916) 361-1480
5  E-Mail:  mspring@cdflaborlaw.com
            jbarrera@cdflaborlaw.com
6
   Attorneys for Defendant
7  NEXTEL OF CALIFORNIA, INC.

8

9                   **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11

12 | MARYSOL LUA SANCHEZ,        )  Case No. 2:07-CV-2472 GEB EFB
                                 )
13 |         Plaintiff,           )  **STIPULATED PROTECTIVE ORDER**
           v.                    )
14 |                              )
   SPRINT NEXTEL; NEXTEL OF     )
15 | CALIFORNIA; SPRINT,          )
                                 )
16 |         Defendants.          )
                                 )
17

18       The parties PLAINTIFF MARYSOL SANCHEZ AND DEFENDANT NEXTEL OF

19 CALIFORNIA, INC. ("Parties"), by and through their respective counsel, hereby stipulate and

20 agree to the following protective order:

21       1.      **Application**:  Certain information requested, disclosed, produced, or exchanged

22 during this litigation may be sensitive, proprietary, confidential, and/or private ("Confidential").  In

23 order to maintain the confidentiality or privacy of such information as much as possible, the Parties

24 hereby agree that they will only use such Confidential information for purposes of this litigation.

25 Information or documents subject to this Order will include any and all information that the

26 custodial party designates as "Confidential" and/or subject to this Order, or which the recipient

27 party may reasonably conclude is Confidential given the nature of the information or documents.

28

                                    1                       STIPULATED PROTECTIVE ORDER
                                                             Case No.  2:07-CV-2472 GEB EFB

333033.1

3. **Use of Confidential Information or Documents**:  Documents, materials, information marked as "Confidential," or any copies thereof, and the information contained therein shall not be given, shown, made available, or communicated in any way to anyone except:

    (a)    The Court (including clerks and court personnel) where this action is pending, or to which this action may be transferred;

    (b)    Parties who have made a general appearance in this action and their Counsel, including the legal associates and clerical or other support staff who are employed by such Counsel and are working under the express direction of such Counsel;

    (c)    Consultants and experts retained in connection with the action;

    (d)    Court reporters or videographers who record deposition or other testimony in this litigation;

    (e)    Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof; and

    (f)    Any other person to whom the parties both agree to in writing.

4. **Filing of Confidential Documents with the Court:**  The designation of any document or information as Confidential or subject to this Order does not alter the manner in which the Parties may file such documents with the Court in this litigation.  The Parties are not under any obligation to file such documents designated as Confidential under seal or take any additional precautions when attaching or including any such documents with Court filings in this litigation.

    ***Documents may be sealed with the court only upon a written order pursuant to Local Rule 39-141.***

5. **Maintenance of Confidential Information or Documents**:  The recipient of any "Confidential" documents, materials, or information shall exercise reasonable care with respect to its storage and use to insure that no unauthorized recipients have access to such documents, materials or information.

6. **Modification of Order**:  The Parties may modify the provisions of this Order at any time by written stipulation, submitted, and so ordered by the Court.  Moreover, by this Order, the Parties do not waive any right to object to any discovery request, or to the admission of evidence

1  on any ground, or to seek any further protective order, or to seek relief from the Court from any
2  provision of this Stipulation.

3      7.    **Return of Materials**: Within thirty (30) days of the conclusion of this litigation,
4  including any appeal(s) from a final judgment, all litigation material designated as Confidential by
5  the custodial party, designated as protected under this Order, or any litigation material that can be
6  reasonably concluded to be Confidential, and all copies or notes thereof, except for work product,
7  attorney-client communications, court filings, transcripts and exhibits, shall be returned to Counsel
8  for the custodial party.

9      8.    **Survival of Protection**: The termination of proceedings in this action shall not
10 relieve any person to whom "Confidential" documents, materials, and information have been
11 disclosed from the obligations of this Order, unless the Court orders otherwise.  The provisions of
12 this Order shall continue to be binding.

13     **SO STIPULATED:**

14 Dated:  February ___, 2009        CARLTON DiSANTE & FREUDENBERGER LLP

                Signature on original
16         By: _____
17            Mark S. Spring
        Attorneys for Defendant
        NEXTEL OF CALIFORNIA, INC.

20 Dated:  February ___, 2009        LAW OFFICES OF ROBERT BAKER

21                 Signature on original
22         By: _____
           Robert Baker
        Attorney for Plaintiff
23         MARYSOL SANCHEZ

24     **As modified above, it is so ordered.**

25     Date:  February 23, 2009.

                _____
                EDMUND F. BRENNAN
27                 UNITED STATES MAGISTRATE JUDGE

28